IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated for all purposes**

SE TECHNOLOGIES, INC.,

       Plaintiff/Counter-Defendant,

vs.                                   No. CIV 00-1511 LH/LFG-ACE

SUMMIT ELECTRIC SUPPLY CO., INC.,

       Defendant/Counter-Claimant/Counter-Defendant.

SUMMIT ELECTRIC SUPPLY CO., INC.,

       Plaintiff,

vs.                                   No. CIV 00-378 LH/LFG - ACE

BAAN USA, INC.,

       Defendant/Counter-Claimant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on SE Technologies, Inc.'s ("SE") Motion to Determine Sufficiency of Answers or Objections to Requests for Admission [Doc. 120 in Civ. 00-378]. Summit Electric Supply Co., Inc. ("Summit") submitted its response, and SE filed a reply. The motion will be decided on the briefs; oral argument is not necessary.

Requests for Admissions are governed by Fed. R. Civ. P. 36(a), which requires that the answering party answer or object to each Request within thirty days; that if objection is made, the

reasons therefor shall be stated; that the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter; and that when good faith requires that a party qualify an answer, or deny only part of the matter, the responding party shall specify so much of it as is true and qualify or deny the rest. Id. The purpose of Requests for Admissions is not to seek discovery information, but rather "to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." Lakehead Pipe Line Co., Inc. v. American Home Assurance Co., 177 F.R.D. 454, 457-58 (D. Minn. 1997). "Rule 36 was designed to eliminate the necessity of proving essentially undisputed and peripheral issues of fact." Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 917 (2d Cir. 1959), *cited in*, Champlin v. Oklahoma Furniture Mfg. Co., 324 F.2d 74, 76 (10th Cir. 1963).

SE complains that Summit did not adequately respond to the Requests, because it objected that the requests were too "vague" to understand, and in some cases lodged an objection but then went on to give qualified or nonresponsive answers. Summit responds that its answers to the Request for Admissions fulfill the purpose of Rule 36, in that Summit "attempted to respond in good faith to objectionable requests by pointing out, where possible, precisely how a factual dispute does exist between the parties." [Summit's Brief in Opposition to SE's Motion, at 2]. The Court agrees with Summit and determines that the answers and objections are sufficient, and it will deny SE's request to have the Requests admitted.

### Requests 6, 7, 8, 13, 16, 23, 24, 31, 33, and 34

Summit's response to each of these Requests is that they are too vague to allow a sensible answer. Each request asks Summit to admit that it was, or SE was not, "responsible" for certain

2

aspects of the project at issue in this lawsuit. With respect to each of these Requests, Summit stated that it was unable to admit or deny the matter, because the Request is ambiguous with respect to the term "responsible." For nearly all of the requests, Summit included additional explanatory material which clarified why, in the context of the specific request, it found the word "responsible" to be ambiguous. These responses go as far as Summit was able to go, under the circumstances, and the Court agrees that "Summit attempted to respond in good faith to objectionable requests by pointing out, where possible, precisely how a factual dispute <u>does</u> exist between the parties," and that the question of which party was "responsible" for various aspects of the project will have to be determined at trial.

SE points out that Summit did not object on vagueness grounds to every request containing the word "responsible," and argues therefrom that Summit is quibbling over meaning, in order to avoid directly admitting or denying the Requests. The Court finds credible Summit's explanation that the word "responsible" was ambiguous or not, depending on its context within the particular Request for Admission.

<u>Request 27</u>

In similar fashion to the Requests utilizing the term "responsible," Summit objected to Request 27 on grounds that it was unable to determine what SE meant by "new," but went on nevertheless to supply additional information in order to narrow the issue and explain why a factual dispute still exists. This is an appropriate response.

<u>Request 28</u>

Summit did not provide any additional information explaining its objection to this Request, as it did to the Requests noted above; however, in its brief in opposition to SE's motion, Summit

3

submitted such an explanation. The Court finds that this Request has been sufficiently answered.

Request 36

Again, Summit objected to this Request on grounds of ambiguity in one of the terms of the Request; in this case, the term "definitively." Summit went on in its answer to explain the reason for its asserted confusion, providing additional information which gives SE notice of the facts that remain in dispute. The Court accepts Summit's reason for treating the same term differently in a different Request.

Summit states that SE did not attempt to contact Summit regarding its responses, before filing this motion, nor did SE attempt to clarify the terms that Summit found ambiguous. Such voluntary cooperation in discussing, defining, and narrowing the issues is desirable and might well have resulted in more definitive responses in this case.

IT IS THEREFORE ORDERED that the Court resolves SE Technologies, Inc.'s Motion to Determine Sufficiency of Answers or Objections to Requests for Admission [Doc. 120 in Civ. 00-378] by finding Summit's responses sufficient, and it denies SE's request that the Court order the Requests deemed admitted.

                                                _____
                                                Lorenzo F. Garcia
                                                United States Magistrate Judge