**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SE TECHNOLOGIES, INC.,**

Plaintiff/Counter-Defendant,

**v.** **CIV No. 00-1511 LH/LFG ACE**

**SUMMIT ELECTRIC SUPPLY COMPANY, INC.,**

Defendant/Counter-Claimant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on a Motion in Limine to Preclude Summit from Eliciting Testimony or Presenting Evidence from Eric Stotz at Trial (Docket No. 42), filed by SE Technologies, Inc. ("SE"). For the reasons that follow, the Court concludes that it cannot currently rule on whether or not Mr. Stotz's testimony would be lay or expert testimony and that therefore it cannot rule on its admissibility. Accordingly, this motion shall be **denied.**

In addition to this motion in limine, two related, pending motions are on file with the Court: Summit's Objections to Magistrate Judge's Order Dated November 14, 2001 (Docket No. 98)[1], and Summit's Motion for Expedited Consideration of Objections to Magistrate's Order Dated November

[1]This Order (Docket No. 97) granted a protective order to prevent Summit from taking the deposition of Eric Stotz in order to memorialize his testimony for trial. Specifically, it vacated Stotz's deposition and delayed the taking of this trial deposition until the Court ruled on the merits of the pending motion in limine. Because this motion in limine is denied herein, the parties are now free to take this deposition, should they so desire.

14, 2001 (Docket No. 99). Both of these motions are rendered moot by this Court's decision to deny SE's motion in limine; accordingly these motions are also **denied**.

## Discussion

Summit Electric indicated in the Pretrial Order (Docket No. 48) that Mr. Stotz is a "may call" witness,

> who is expected to testify concerning his personal experience as an implementation consultant attempting to implement the Baan software on a NT operating system, and his knowledge of the standards, customs, and practices in the consulting business concerning disclosures to the customer about known or suspected problems with the software that is being implemented.

Federal Rule of Evidence 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FED.R.EVID. 602. Federal Rule of Evidence 701, "Opinion Testimony of Lay Witnesses", provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inference is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

FED.R.EVID. 701. This rule, which contemplates admission of lay opinions rationally based on personal knowledge so as to be helpful to the trier of fact, was primarily designed to allow lay individuals to express opinions that are in reality only a shorthand statement of fact. *See Asplundh Manufacturing Div. v. Benton Harbor Engineering*, 57 F.3d 1190, 1193 (3d Cir. 1995)

In the year 2000, this rule was amended, by the addition of provision (c), to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of

proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. COTCHETT, FEDERAL COURTROOM EVIDENCE 18-2 (2000). This amendment was also designed to ensure that a party will not evade the expert witness disclosure requirements set forth in FED.R.CIV.P. 26 and FED.R.CIV.P. 16 by simply calling an expert witness in the guise of a layperson. SEE JOSEPH, EMERGING EXPERT ISSUES UNDER THE 1993 DISCLOSURE AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE, 164 F.R.D. 97, 108 (1996)(noting that "there is no good reason to allow what is essentially surprise expert testimony", and that "the court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process").

SE raises these concerns of rule and disclosure evasion in opposition to Mr. Stotz's testimony. More specifically, SE argues that his testimony regarding standards, customs and practices in the consulting business would be related to SE's duties and requisite standard of care, and constitutes expert opinion testimony. SE contends that this is illustrated by the fact that Summit has offered expert opinion testimony regarding "good consulting practice" and the "custom and standard in the consulting business". SE argues that Mr. Stotz's testimony will be cumulative to that of Summit's own experts' testimony, and must be excluded on this basis. Finally, SE argues that, even if Mr. Stotz's testimony might be lay testimony insofar as it relates to his own personal experiences as an implementation consultant, that this testimony would nonetheless be irrelevant. At this juncture, the Court has before it only the above-described anticipated testimony of Mr. Stotz, as contained in the Pretrial Oder. Without more information and given the Court's limited knowledge of the facts of the case at this point, it is impossible for the Court to determine whether Mr. Stotz's testimony will

be strictly lay testimony, resulting from a process of reasoning familiar in everyday life, or expert testimony, resulting from a process of reasoning that can be mastered only by specialists in the field, or a combination of the two. COTCHETT at 18-4. Clearly Mr. Stotz will be limited to lay person testimony. Further, if Mr. Stotz has no personal knowledge of the subject matter of his testimony, or if he gives testimony in the form of opinions or inferences not rationally based on his perception, it would be error to admit such testimony. *See Fenstermacher v. Telelect, Inc.*, 1994 WL 118046 at *5 (10th Cir. 1994)(unpublished opinion). It is incumbent on the Court to exclude Mr. Stotz's testimony, to the extent that it is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702. On the other hand, if Mr. Stotz intends to testify about certain relevant knowledge that has resulted from his participation in the day-to-day affairs of an industry or business, it might be permissible if such testimony is not based on specialized knowledge within the scope of Rule 702, but rather is based upon a layperson's personal knowledge. This analysis is not changed by the 2000 amendment. COTCHETT at 18-3.

In conclusion, the Court's determination as to whether or not Mr. Stotz's testimony would be irrelevant, cumulative or in violation of Rule 701 must be made at trial, following a complete offer of proof, rather than upon the brief description of his testimony set forth in the Pretrial Order. Because this evidence is not clearly inadmissible, the better approach is to defer this ruling so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context.

**WHEREFORE**, for the aforesaid reasons, the Motion in Limine to Preclude Summit from Eliciting Testimony or Presenting Evidence from Eric Stotz at Trial (Docket No. 42) is **denied.** Furthermore, Summit's Objections to Magistrate Judge's Order Dated November 14, 2001 (Docket No. 98) and Summit's Motion for Expedited Consideration of Objections to Magistrate's Order

Dated November 14, 2001 (Docket No. 99) are now moot and so **denied**.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**