UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SE TECHNOLOGIES, INC.,

    Plaintiff/Counter-Defendant,

v.                                                                                    CIV No. 00-1511 LH/LFG ACE

SUMMIT ELECTRIC SUPPLY
COMPANY, INC.,

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on motions that involve proposed witness Yves Perreault and his preliminary report. Specifically, the Court will address Summit Electric's Objections to Magistrate Judge's Order of August 9, 2001 (Docket No. 176 in 00CV378)[1]; SE Technologies, Inc.'s Motion to Strike Unsworn Preliminary Report of Withdrawn Expert (Docket No. 38); and SE Technologies, Inc.'s Motion in Limine to Preclude Evidence Regarding Withdrawn Expert Witness Yves Perreault and Perreault's Preliminary Report (Docket No. 40).

For the reasons that follow, Perreault's preliminary report shall be admissible and a trial deposition of Perreault shall be allowed, in the remaining four weeks before trial in this matter is

---

[1] The Court finds no pleading filed directly in response to these objections by SE Technologies, Inc.

1

scheduled to begin. To be precise, SE Technologies, Inc.'s Motion to Strike Unsworn Preliminary Report of Withdrawn Expert (Docket No. 38) is **denied**; SE Technologies, Inc.'s Motion in Limine to Preclude Evidence Regarding Withdrawn Expert Witness Yves Perreault and Perreault's Preliminary Report (Docket No. 40) is **denied**; and Summit Electric's Objections to Magistrate Judge's Order of August 9, 2001 (Docket No. 176 in 00CV378) is **denied as being moot.**

**I. Procedural Background**

SE Technologies, Inc. ("SE") originally designated Perreault as an expert and provided a preliminary report to Summit Electric Supply Co., Inc. ("Summit") on January 12, 2001. SE withdrew him as its expert witness on April 25, 2001,[2] the date set by Judge Garcia's January 26, 2001 Order (Docket No. 47 in 00CV378) as the last date to identify expert witnesses. On that same date, SE substituted John Cordio as its expert witness. Discovery in this case closed on May 25, 2001. Summit disclosed Perreault as a "may call" fact witness in the July 30 Pretrial Order, approximately two months later.

At the end of July 2001, Summit filed a motion to compel SE to produce Perreault for an August 10, 2001 deposition. This motion was denied by Magistrate Judge Garcia on August 9, 2001 (Docket No. 174 in 00CV378). In his ruling, Judge Garcia decided that Perreault's deposition could not be taken, in part, because he was not a timely disclosed fact witness. Judge Garcia concluded that Perreault could not be called as a fact witness. Judge Garcia made neither reference to, nor

---

[2] In the Affidavit of Alan C. Torgerson (Ex. A to Mem. of Law in Support of SE's Mot. in Limine to Preclude Evidence Regarding Withdrawn Expert Witness Yves Perreault and Perreault's Preliminary Report), Mr. Torgerson stated: "SE elected to withdraw Mr. Perreault as its expert witness because Mr. Perreault became unavailable because of his work assignment to a lengthy project in Sweden." (*Id*. at ¶8).

2

findings and conclusions regarding, Perreault's preliminary report.

## II. Perreault's Preliminary Report

SE has filed both a motion in limine to exclude and a motion to strike this report. In essence, SE seeks both non-consideration and exclusion of it on grounds that it is unsworn, hearsay and/or inadmissible under FED.R.EVID. 403.[3] In addition, SE seeks to preclude Summit from mentioning Perreault's role as a former expert witness for SE.

Summit counters that Perreault was an SE employee during the time of events giving rise to this lawsuit, that one of the factual statements in his report is based on knowledge acquired while he was an employee, is directly relevant to the issues in this case, and is admissible under FED.R.EVID. 801(d)(2)(B).

### A. Admissibility of this Report

In its motion to strike, SE argues that Perreault's report contains unsworn statements that are inadmissible summary judgment evidence. SE argues that this report must not be considered because it is not sworn or made under penalty of perjury.[4]

The Court notes that this report was provided to Summit by SE. SE makes no objections as to its authenticity. The very fact that SE produced this piece of evidence and tendered it to Summit as a report of its then expert is an important and distinguishing factor that must be considered in the

---

[3] Contrary to SE's arguments, Judge Garcia did not expressly rule on the admissibility of this report. Accordingly, I will evaluate this issue without any reference to any prior rulings by the magistrate judge.

[4] SE also contends that Summit's references to Perreault's report is a circumvention of Judge Garcia's August 9 order. As noted above, the Court has concluded that this report was not part of the scope of this August 9 order; consequently this argument is without merit.

equation of whether or not this report may be considered in the pending summary judgment motions, and whether or not it is admissible at trial.

SE urges the Court to construe Rule 56 too narrowly[5]. The Tenth Circuit has held that a nonmovant must make a showing that, "if reduced to admissible evidence," would be sufficient to carry the nonmovant's burden of proof at trial. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 n.11 (10th Cir. 1992)(*quoting Celotex Corporation v. Catrett*, 477 U.S. 317, 327 (1986)). The nonmoving party must point to evidence that is *admissible*, in order to survive summary judgment. *See Adams v. American Guarantee and Liability Insurance Company*, 233 F.3d 1242,1246 (10th Cir. 2000); s*ee Thomas v. International Business Machines*, 48 F.3d 478, 485 (10th Cir. 1995).

Obviously hearsay evidence is inadmissible. Accordingly, the Court must evaluate the report to determine whether this report is hearsay, both for consideration in its summary judgment analysis and with respect to its potential admissibility at trial.

Under FED.R.EVID. 801(d)(2)(B), evidence is not hearsay if it "is offered against a party... and is a statement of which the party has manifested an adoption or belief in its truth."

I find the issue of admissibility of this report similar to one raised in the recent Tenth Circuit case of *Wright-Simmons v. The City of Oklahoma City*, 155 F.3d 1264 (10th Cir. 1998). In that Title VII case, the district court granted summary judgment to defendant. The district court opinion did not address the admissibility of an investigative report prepared by a City personnel director. Before examining plaintiff's evidence to determine if it was sufficient to survive summary judgment, the

---

[5] In addition to affidavits, Rule 56(c) contemplates the use of pleadings, depositions, answers to interrogatories, and admissions on file. This report may fall within the "admissions" category.

Tenth Circuit determined that this report was admissible. This was a two-page report, to which interview notes were attached. Defendant argued that this report was inadmissible hearsay. Plaintiff contended that neither the report nor the notes were hearsay under Rule of Evidence 801(d)(2)(B). The Tenth Circuit concluded that this evidence was not hearsay and held that "even if the district court ruled on the summary judgment motion without considering the report and attached notes, that decision to exclude the evidence would itself constitute an abuse of discretion requiring reversal and consideration of the report and interview notes." *Id*. at 1268.

In its analysis, the *Wright-Simmons* Court adopted a test that had been applied by the First Circuit: "whether the surrounding circumstances tie the possessor and the document together in some meaningful way." *Id*.,(quoting *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 870 (1st Cir. 1997)(*citations and internal quotation marks omitted*)). *Pilgrim* held that a document is sufficiently "tied" to the possessor "to the extent the adoptive party accepted and acted upon the evidence". *Pilgrim*, 118 F.3d at 870. The *Wright-Simmons* Court stated that the Tenth Circuit specifically adopted the First Circuit's approach to adoptive admissions. *Wright-Simmons*, 155 F.3d at 1268.

In *Wright-Simmons*, the Court noted that the City Manager would not have sought an employee's resignation had he not believed the report. This action signified acceptance of and reliance on the contents of the report, and action upon its contents. "Because [the City Manager] accepted the documents and acted upon them, we hold that neither the two-page report nor the attached notes are hearsay, and are therefore admissible." *Id.* at 1269.

Similarly, in this case, SE solicited the preliminary report from Perreault and tendered it to Summit in January 2001. Providing it to Summit signified SE's acceptance and adoption of the

contents of the report, and affirmative action on its contents. This report is sufficiently "tied" to SE, because SE accepted and acted upon the report. SE, via Mr. Torgerson's affidavit, has indicated that it withdrew Perreault as its expert due to his unavailability, not due to a lack of unreliability of his statements. SE has not contested the report's authenticity. I conclude that all of these factors indicate sufficient trustworthiness and reliability of truth in its contents, that the report is not hearsay, and that it is admissible evidence.

In *Wright-Simmons,* the personnel director's report was neither an affidavit nor a statement sworn under penalty of perjury, yet, following its Rule 801(d)(2)(B) analysis, the Tenth Circuit ruled that it was reversible error for the district court to exclude the report from its summary judgment analysis. By analogy, this Court is required to consider and to admit Perreault's report.

### B.  Analysis Under FED.R.EVID.403

SE argues that even if otherwise admissible, this report must be excluded under Rule of Evidence 403.

FED.R.EVID.403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

SE argues that because Perreault's report was prepared in the early stages of litigation, that his role as an expert and his report have no probative value. Further, SE argues that any possible probative value will be substantially outweighed by the dangers of unfair prejudice to SE, and of misleading the jury. SE contends that unfair prejudice will result if Summit is permitted to refer to Perreault and/or his report, in the absence of Perreault's explanation, supplementation, and/or revision

of those opinions after considering additional information developed during the course of discovery. Finally, SE contends that it will be unfairly prejudiced by the mention of Perreault's role as a former expert and by the admission of his report, due to possible jury speculation as to why SE did not call its former expert as a witness.

I have carefully reviewed Perreault's preliminary report and I have conducted my Rule 403 balancing. I conclude that the probative nature of the evidence contained in the report outweighs any of the prejudicial concerns raised by SE. Furthermore, my decision, as set forth below, to allow a trial deposition of Perreault to be taken, will afford SE the opportunity to ask Perreault to explain, supplement or revise the statements contained in his report, thus alleviating that concern about possible prejudice raised by SE. The taking of this deposition, if used at trial, will eliminate jury speculation as to why SE did not call its former expert as a witness.

For these reasons, SE's motion to preclude this evidence under Rule 403 is denied. In addition, SE's arguments under FED.R.CIV.P.26(b)(4)(B) are inapposite, now that SE has withdrawn Perreault as its expert, and now that the Court has allowed Perreault's deposition to be taken.

**III. Deposition of Perreault**

In light of my decision to admit the report of Perreault into evidence, I conclude that it would be unfair to deny the parties the opportunity to take his deposition. The taking of his deposition shall be allowed. In light of this approach, I conclude that Summit Electric's Objections to Magistrate Judge's Order of August 9, 2001 is moot and shall be denied.

**WHEREFORE**, for the reasons above stated, I conclude that SE Technologies, Inc.'s Motion to Strike Unsworn Preliminary Report of Withdrawn Expert (Docket No. 38) is **denied**; SE

7

Technologies, Inc.'s Motion in Limine to Preclude Evidence Regarding Withdrawn Expert Witness Yves Perreault and Perreault's Preliminary Report (Docket No. 40) is **denied**; and Summit Electric's Objections to Magistrate Judge's Order of August 9, 2001 (Docket No. 176 in 00CV378) are **denied as being moot.**

    **IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**