**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**SE TECHNOLOGIES, INC.,**

    Plaintiff/Counter-Defendant,

v.                                                                                 **CIV No. 00-1511 LH/LFG ACE**

**SUMMIT ELECTRIC SUPPLY**
**COMPANY, INC.,**

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on SE Technologies, Inc.'s Motion for Summary Judgment on Summit Electric Supply Co., Inc.'s Ability to Recover Amounts Previously Paid to SE as Compensatory Damages for an Alleged Breach of Contract Asserted in Summit's Counterclaim (Docket No. 30). The Court, having considered the briefs of the parties as well as relevant case law, concludes that this motion is not well taken and shall be **denied**.

**Discussion**

Summit Electric Supply Co., Inc. ("Summit") filed a counterclaim, alleging in Count II that it was entitled to damages for beach of contract by SE Technologies, Inc. ("SE"). In its counterclaim, Summit alleges that it paid SE the sum of $2,294,330.60 for implementation services and associated

1

expenses (Answ. and Countercl., ¶ 9). In this lawsuit, Summit seeks recovery of these amounts as damages for SE's alleged breach of contract, as well as some unspecified portion of an additional $46,972.35, for SE's hotel and car expenses.

SE filed this motion based on the legal theory known as "account stated". The gist of this motion is that Summit paid SE the above-stated amounts between June 10, 1997, and March 15, 1999, and thereby assented to the correctness of the amounts paid. Because Summit assented to the amounts paid, and because an "account stated" exists, SE argues that Summit is precluded from recovering these amounts as damages.

The "account stated" theory has been the law in New Mexico since territorial times. *See e.g., Brown & Manzanares Co. v. Gise*, 14 N.M. 282 (N.M. Terr. 1907). In 1967 the Supreme Court stated, "a failure to object to the amount of the bill rendered constitutes an implied assent to the balance as a legal conclusion." *Brown v. Cory*, 77 N.M. 295, 297 (1967). Assent is obviously a critical element of an account stated. The Supreme Court recently reaffirmed the vitality of this principle in *Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc.*, 115 N.M. 152 (1993). SE cites the Court extensively to the *Hinkle* case in its motion, including the quote that, "[n]either party, in the absence of fraud or mistake, can question the correctness of the stated sum." *Id.* at 157. In response to this statement, SE argues that the summary judgment record shows no such fraud or mutual mistake as to amounts previously paid.

This argument fails to take into consideration Summit's counterclaim for knowing or negligent misrepresentation, Count III. A "summary judgment record" includes pleadings. FED.R.CIV.P. 56(c). Count III clearly includes allegations that are potentially fraudulent in nature. The Court acknowledges that SE did file motions to dismiss these allegations for failure to plead sufficient

specificity under FED.R.CIV.P. 9(b), as well as under FED.R.CIV.P. 12(b). Neither of the motions had been decided at the time the immediate motion was filed, and in any event, these motions were ultimately denied by the Court. (*See Memorandum Opinion and Order*, Docket No. 138). Furthermore, as explicitly recognized by SE at page 6 of one of its Reply Briefs[1], SE did not move to dismiss Summit's claims involving *pre*-contractual representations. Furthermore, SE never filed motions for summary judgment on Counts III or IV of Summit's counterclaim. It is disingenuous for SE to claim that the "summary judgment record shows no such fraud or mutual mistake as to amounts previously paid." Claims of fraud and misrepresentation have been plead, and have not been dismissed by the Court. These unresolved claims prevent this Court from concluding that there was assent to amounts paid by Summit.

SE has failed to meet its burden of persuasion. Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986).

> [T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case.

*Id.*

SE has improperly attempted to shift the burden to Summit, trying to impose a requirement on Summit for it to cite the Court to specific facts that support its allegations of fraud. Fraud has been plead and to date, is part of Summit's counterclaim. As a movant, it is therefore incumbent on SE to show an absence of fraud, as a matter of law, if it wants to establish mutual assent by the

---

[1] This Reply Brief (Docket No. 66) was filed in connection with Se Technologies, Inc.'s Motion to Dismiss or for Judgment on the Pleadings on Summit Electric Supply Co., Inc.'s Claims for Misrepresentation and Violations of New Mexico's Unfair Practices Act (Docket No. 29).

parties, entitling it to summary judgment under an account stated theory. SE has not discredited Summit's claims of fraud, and accordingly summary judgment will not be granted to SE pursuant to this motion.

**WHEREFORE,** for the reasons stated above, SE Technologies, Inc.'s Motion for Summary Judgment on Summit Electric Supply Co., Inc.'s Ability to Recover Amounts Previously Paid to SE as Compensatory Damages for an Alleged Breach of Contract Asserted in Summit's Counterclaim (Docket No. 30) shall be **denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**