# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SE TECHNOLOGIES, INC.,**

    Plaintiff/Counter-Defendant,

**v.**                                          **CIV No. 00-1511 LH/LFG ACE**

**SUMMIT ELECTRIC SUPPLY
COMPANY, INC.,**

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on SE Technologies, Inc.'s Motion for Summary Judgment on Summit Electric Supply Co., Inc.'s Claims for Punitive Damages (Docket No. 23). The Court, having considered the briefs of the parties as well as relevant case law, concludes that this motion shall be **denied**.

## Legal Standards

The New Mexico Supreme Court's decision in *Paiz v. State Farm Fire & Cas. Co.*, 118 N.M. 203, 211 (1994) "signaled a new approach to the imposition of punitive damages in New Mexico." *Walta v. Gallegos Law Firm, P.C.*, 2001 WL 1758308, at*13 (N.M.App.2001)( *cert. denied*). Reaffirming the limited purpose of punitive damages – to punish and deter – *Paiz* required a

showing of "evil motive" or a "culpable mental state." *Paiz* at 211. The basic standard has been applied and refined, but the requirement remains the same: there must be evidence of culpable conduct beyond that necessary to establish the underlying cause of action. *Walta* at *13.

Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986).

> [T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case.

*Id.*

**Discussion**

Summit Electric Supply Co., Inc. ("Summit") filed two counterclaims that seek punitive damages: Count III for knowing or negligent misrepresentation, and Count IV which is entitled "Partnership". In this motion, SE Technologies, Inc. ("SE") argues that Summit can point to no evidence in the record that demonstrates the required culpable mental state to support its claims for punitive damages.

In support of its motion, as its factual basis, SE relies solely on the deposition testimony of two Summit employees, Lewis and Ecton, and on an e-mail message from Jury. The deposition testimony is to the effect that two SE employees, Thauvette and Saggese, were "good people", that they tried to help out Summit, that they were "energetic and enthusiastic to be helpful" and "trying to help us solve things." SE also relies upon the December 17, 1998 e-mail from Summit's president, Vic Jury, which stated in part: "I did not want to infer that SE had done a bad job for us, or that they

were responsible for our problems."

Even assuming for purposes of this Memorandum Opinion only, that these statements are true and undisputed, they are offered in a complete vacuum and are irrelevant to the two claims at issue, for knowing and negligent misrepresentation. This evidence consists of no more than personal opinions and achieves nothing towards establishing whether SE's conduct alleged in Counts III and IV was or was not performed with the requisite mental state. The evidence relied upon by SE is immaterial to this inquiry. It simply does not demonstrate an absence of evidence to support Summit's claims for punitive damages. For these reasons, it is apparent that, as movant, SE has not met its initial burden of persuasion.

I note that Summit's third count, for knowing and negligent misrepresentation, prior and subsequent to execution of the Agreement, and prior to and during the implementation project, was not dismissed pursuant to SE's motion to dismiss, and remains intact.(*See Memorandum Opinion and Order*, Docket No. 138). I note further that SE never filed a motion for summary judgment as to either of Counts III or IV.

**WHEREFORE**, the Court having concluded that movant, SE, has not met its initial burden of persuasion, concludes that SE Technologies, Inc.'s Motion for Summary Judgment on Summit Electric Supply Co., Inc.'s Claims for Punitive Damages (Docket No. 23) shall be **denied**.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT COURT**

3