UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SE TECHNOLOGIES, INC.,

    Plaintiff/Counter-Defendant,

v.                                                                                      CIV No. 00-1511 LH/LFG ACE

SUMMIT ELECTRIC SUPPLY
COMPANY, INC.,

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on SE's Motion for Summary Judgment with Respect to Summit's Claim for Damages for Wages and Benefits Paid to its Employees During the Implementation Project (Docket No. 27). The Court, having considered the briefs of the parties, as well as relevant case law, concludes that this motion is not well taken and shall be **denied**.

**Discussion**

Paragraph 9 of the counterclaim of Summit Electric Supply Company, Inc. ("Summit") alleges that Summit paid its own employees and third parties more than $2.1 million in wages, benefits, and expenses directly related to the implementation project. In discovery, Summit identified the "Payroll for Core Team, Key Users & IT" as damages it sought to recover, exclusive of prejudgment interest,

1

in the amount of $1,796,285.75. In this motion for summary judgment, SE seeks to preclude recovery for this item of damages, arguing that such an award would be inconsistent with the purpose of compensatory damages.

With one exception, Summit does not dispute SE's statement of material fact.[1] It is undisputed that these wages and benefits are costs that Summit would have incurred regardless of the implementation project, because each of these employees was employed by Summit prior to the time the implementation project began, fulfilling job duties unrelated to the implementation project (Statement of Material Facts, "SMF" No. 4); their job duties, unrelated to the implementation project were fulfilled without hiring any additional personnel when each began to devote time to the implementation project (SMF Nos. 67); no increase in salaries was related to the implementation project (SMF 9); and, each of those employees returned to their regular job duties when the implementation project concluded (SMF No. 8).

Relying on basic New Mexico law on compensatory damages, SE contends that an award of these wages and benefits would not make Summit whole, but would serve to put it in a better position, which would be contrary to New Mexico law.

SE also cites law from the Eighth and Seventh Circuits, as well as from the Northern District of Illinois[2] that basically prohibit an award of damages for lost time of employees, when there is no

---

[1] Summit disputed SE's assertion that no bonuses were paid to Core Team Members, Key Users or IT department personnel related to the implementation project. To the contrary, Summit contends that it paid hardship bonuses as a result of their work on the failed implementation that it would not have paid if these employees had remained in their regular jobs. In light of the Court's decision on this motion, it is not now necessary to address the significance of this one factual dispute.

[2] These cases are *Wilson v. Marquette Elec., Inc.*, 630 F.2d 575, 586 (8th Cir. 1980); *AES Technology Systems, Inc. v. Coherent Radiation*, 583 F.2d 933, 941-42 (7th Cir. 1978); and, *Aluminum Distributors, Inc. v. Gulf Aluminum Rolling Mill Co.*, 1989 WL 157515, at *5 (N.D. Ill 1989).

2

showing of actual economic loss to the employer.

Summit's position is that it lost the value of the services of these employees during the time that they were diverted from their usual duties, to duties relating to the implementation project. Summit argues that the issue is not whether it would have paid these wages and benefits if SE had not breached the Agreement, but whether SE's breach deprived Summit of its employees' services that it paid for, relying on *Convoy Co. v. Sperry Rand Corp.*, 672 F.2d 781, 785 (9th Cir. 1982). In addition, Summit cites the Court to seven other jurisdictions that held that the lost services of employees may be compensable.[3]

The objective of a damage award is to fully compensate the plaintiff and put plaintiff in as good a position as if the harm or injury had not occurred, no more, no less. *See Central Sec. & Alarm Co. v. Mehler*, 121 N.M. 840, 847 (Ct. App. 1996). What was contemplated by the parties and for whose benefit these employees in fact spent their time, are but two evidentiary matters that must be satisfactorily addressed by Summit before this issue may be presented to the jury. The issue is not whether Summit would have paid these wages and benefits regardless, but whether SE's alleged breach deprived Summit of the services of these employees for which it had paid. Depending on its proof at trial, Summit may not be entitled to recover all or any of these wages and benefits. I am unable to conclude, however, as a matter of law, at this early juncture, that Summit is precluded from pursuing this type of damage. There is no New Mexico case law that so holds, nor has SE established

---

[3]These cases are *Clements Auto Co. v. Service Bureau Corp.,* 298 F.Supp 115, 134 (D.Minn.1969), *aff'd in relevant part*, 444 F.2d 169 (8th Cir. 1971); *Charleston Lumber Co. Inc. v. Miller Housing Corp.*, 458 S.E.2d 431 (S.C. Ct. App. 1995); *Comdyme I Inc v. Corbin*, 908 F.2d 1142, 1150 (3d Cir. 1990); *Dunn Appraisal Co. v. Honeywell Information Systems Inc.*, 687 F.2d 877, 883-84 (6th Cir. 1982); *Autotroll Corp. v. Continental Water Systems Corp.*, 918 F.2d 689, 692-93 (6th Cir. 1990); *Liberty Financial Management Corp. v. Beneficial Data Processing*, 670 S.W.2d 40 (Mo.Ct.App. 1984); and *VMark Software v. EMC Corp.*, 642 N.E.2d 587, 594-95 (Mass.Ct.App.1994).

that this would be supported by current trends or the weight of authority in other jurisdictions. *See generally, FDIC v. Schuchmann*, 235 F.3d 1217. 1225 (10th Cir. 2000).

**WHEREFORE**, for these reasons, SE's Motion for Summary Judgment with Respect to Summit's Claim for Damages for Wages and Benefits Paid to its Employees During the Implementation Project (Docket No. 27) is **denied.**

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**