# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SE TECHNOLOGIES, INC.,**

    Plaintiff/Counter-Defendant,

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**CIV No. 00-1511 LH/LFG ACE**

**SUMMIT ELECTRIC SUPPLY
COMPANY, INC.,**

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Summit's Motion in Limine to Exclude Testimony Relating to the Alleged Fault of Summit or Non-Parties (Docket No. 103). The Court, having considered the briefs of the parties and relevant case law, concludes that this motion is not well taken and will be **denied.**

## Discussion

In this motion, Summit Electric Supply Company ("Summit") requests that the Court exclude all evidence relating to the alleged fault of Summit or non-parties. This is apparently in response to the assertion of SE Technologies, Inc. ("SE"), in the Pretrial Order, that it intends to offer evidence at trial that Summit and/or non-parties were "at fault" with respect to events that gave rise to Summit's counterclaims and defenses. Summit argues that principles of comparative

fault do not apply to any of its claims or defenses.

In response to this motion, SE argues for admission of this evidence to counter Summit's breach of contract claim as well as its negligent misrepresentation claim. Insofar as the breach of contract claim is concerned, SE contends that evidence of Summit's conduct is properly admissible as an excuse for SE's nonperformance. SE cites the Court to *Famiglietta v. Ivie-Miller Enterprises, Inc.,* 126 N.M. 69, 73 (Ct.App. 1998), which held that when one party to a contract commits a material breach of the contract, the nonbreaching party is excused from performing its contractual obligations. To the extent that SE intends to offer evidence that Summit's conduct or "fault" interfered with SE's ability to fully perform under the contract, such evidence shall be admitted.

Further in the context of the breach of contract counterclaim, SE contends that conduct of Summit and of non-parties may be relevant to demonstrate a lack of causation by SE's alleged breach of contract. In other words, SE argues that it should be allowed to point to the conduct of Summit or non-parties, to establish that it was not SE's conduct that caused Summit's alleged damages. To the extent that SE intends to offer evidence for these limited purposes, it shall be allowed.

Finally, SE urges the Court to apply comparative negligence to Summit's claim for negligent misrepresentation. SE acknowledges that New Mexico's appellate courts have not yet considered this question, but urges that this is the "majority view" and that New Mexico courts are "likely to adhere to the majority view". In support of this argument, SE cites the Court to *Gilchrist Timber Company v. ITT Rayonier, Inc.*, 696 So.2d 334, 338 n.1, 339 (Fla. 1997)(noting that at least thirteen states have determined either explicitly or implicitly that comparative negligence principles are applicable to negligent misrepresentation actions.) SE also cites the

Court to *Florenzano v. Olson*, 387 N.W.2d 168, 176 (Minn. 1986), which applied comparative negligence to negligent misrepresentation claims, and found this to be the majority view of other states and of respected commentators. *See also,* 22 A.L.R.5th 464 (1994)(noting that the prevailing view is that comparative negligence principles are applicable to negligent misrepresentations.)

In facing the task of predicting whether New Mexico courts would apply comparative negligence to negligent misrepresentation claims, this Court should look to "all resources available, including decisions of New Mexico courts, other state courts and federal courts, in addition to the general weight and trend of authority." *FDIC v. Schuchmann*, 235 F.3d 1217. 1225 (10th Cir. 2000).

This Court is unaware of any distinction in New Mexico law between negligent misrepresentations and other actions sounding in negligence for the purpose of applying comparative negligence. I conclude that New Mexico trial courts would, and in fact do, apply comparative negligence to claims of negligent misrepresentation. This, coupled with the weight and trend of authority from other jurisdictions, compels the conclusion that, if the jury finds negligent misrepresentation by SE, that it will be instructed to apply comparative negligence principles. Thus, to the extent that SE proves that Summit was negligent in relying upon any misrepresentations by SE, Summit's recovery will be decreased accordingly.

**WHEREFORE,** for these reasons, Summit's Motion in Limine to Exclude Testimony Relating to the Alleged Fault of Summit or Non-Parties (Docket No. 103) shall be **denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT COURT**