UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SE TECHNOLOGIES, INC.,

    Plaintiff/Counter-Defendant,

v.                                                        CIV No. 00-1511 LH/LFG ACE

SUMMIT ELECTRIC SUPPLY
COMPANY, INC.,

    Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the motion of SE Technologies, Inc. (hereafter "SE") for judgment as a matter of law or alternatively, for a new trial (Docket No. 170).[1]

This case came before the Court for a jury trial on March 18-27, 2002. The jury returned a verdict in favor of Summit Electric Supply Company, Inc. (hereafter "Summit"), finding that Summit breached its contract with SE, but that SE did not suffer any damages as a result of the breach. The jury further found that SE breached its contract with Summit and committed unfair trade practices causing damages to Summit in the amount of $3 million dollars.

---

[1] The full title of this motion is "SE's Supporting Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial and Request for Immediate Stay on Execution of Judgment." This Memorandum Opinion will not address SE's request for stay of execution of Judgment, which has been considered separately by the Court.

1

**I. SE's Motion under Rule 50(b)**

SE's motion is premised on arguments of insufficient evidence to support the verdict, and that a new trial is justified because the verdict was inconsistent and against the clear weight of the evidence.

Rule 50(b) states:

RENEWING MOTION FOR JUDGMENT AFTER TRIAL; ALTERNATIVE MOTION FOR NEW TRIAL. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment — and may alternatively request a new trial or join a motion for a new trial under Rule 59.

FED.R.CIV.P. 50(b).

Under this rule, the Court can enter a judgment that is inconsistent with the jury's verdict if it determines that the verdict was not supported by the evidence. A post-trial motion for judgment must state the grounds for relief. Rule 50(b) restricts the grounds that may be asserted in post-verdict motions to those asserted in pre-verdict motions. *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 50.40[1] and 50.43[3] (3d ed. 2001). Post-verdict motions may include only those grounds raised originally in the motion for judgment as a matter of law.

In ruling on post-verdict motions for judgment as a matter of law, the court construes the evidence and inferences most favorably to the nonmoving party. *See Rajala v. Allied Corp.*, 919 F.2d 610, 615 (10th Cir. 1990), *cert. denied*, 500 U.S. 905 (1991). Courts may not consider the credibility of witnesses, resolve conflicts in testimony, weigh the evidence, or substitute their conclusions for that of the jury. *See Yearous v. Niobrara County Mem'l Hosp.*, 128 F.3d 1351, 1353 (10th Cir. 1997), *cert. denied*, 523 U.S. 1074 (1998). Rather, courts must defer to any credibility assessments

and reasonable factual inferences drawn by the jury. To permit courts to engage in these activities in ruling on a motion for judgment as a matter of law might impermissibly result in the substitution of the court's view of the facts for that of the jury. Accordingly, if there is conflicting evidence that may reasonably lead jurors to inconsistent conclusions, judgment as a matter of law is improper. *Zuchel v. City & County of Denver, Colo.*, 997 F.2d 730, 734 (10th Cir. 1993)(*citations omitted*). Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position. *See Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000). *See also Bristol v. Bd. of County Comm'rs of the County of Clear Creek*, 281 F.3d 1148, 1161 (10th Cir. 2002). The court must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim under the controlling law. *See Mason v. Okla. Turnpike Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997). "A motion for a new trial is not regarded with favor and should only be granted with great caution." *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992).

In ruling on a Rule 50 motion, a court must review the entire record, drawing all reasonable inferences in favor of the nonmovant. The court must disregard all evidence favorable to the moving party that the jury is not required to believe. In sum, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached. *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150-51 (2000). Although "federal law dictates whether a judgment as a matter of law is appropriate, . . . in a diversity case we examine the evidence in terms of the underlying burden of proof as dictated by state law." *Magnum Foods, Inc. v. Cont'l Cas. Co.*, 36 F.3d 1491, 1503 (10th Cir. 1994)(*citations omitted*).

**A. Breach of Contract Claim**

In its motion, SE first addresses the contract claims, arguing that Summit failed to establish *when* any of SE's conduct occurred that allegedly constituted a breach of contract. SE also argues that Summit failed to present sufficient evidence of causation.

Jury Instruction Number 10 specifies three ways that SE could have breached the contract: by failing to provide Summit with important information about the Baan software; by failing to provide Summit with SE employees having adequate knowledge and experience with the software Summit had purchased; and, by assuring Summit that the software problems Summit was experiencing were normal and likely to be overcome.

SE argues that there was no temporal proof as to any of these three potential types of breach. SE notes that Summit's expert, Mr. Hilliard, did not opine *when* any particular conduct by SE fell below governing industry standards. For example, SE argues that Mr. Hilliard never opined at what point in time the number of "bugs" reached an unacceptable level, such that industry standards required SE to recommend that Summit abandon the implementation project or consider other alternatives (Reply Br. at 3). SE mentions other alleged temporal deficiencies in Mr. Hilliard's opinions, and characterizes them as being a crucial aspect in expert opinion testimony, *i.e.*, as to when industry standards imposed the duty of particular conduct on SE. SE contends that Summit's failure to establish a specific timeframe for SE's alleged breaches necessarily means that the jury reached its verdict by speculating as to when alleged failures by SE caused Summit to begin to incur damages.

Summit argues that the jury could have concluded that these breaches occurred throughout

4

the term of the contract. I agree. The jury heard the evidence, and I am confident, was able to recognize and factor in the continuing nature of this conduct. Without legal authority, SE wants this Court to require Summit to temporally pinpoint conduct and resulting injury. I conclude that this approach would require overly stringent proof and is not realistic, given the nature of the evidence.

In its brief, Summit outlined evidence presented at trial that could have supported a finding of breach of contract under each of the three aforementioned ways, as well as evidence that Summit suffered damages as a result of the breach. I am satisfied that Summit presented a legally sufficient evidentiary basis on its breach of contract claim against SE.

### B. Unfair Trade Practices Claim

On the unfair trade practice claim, SE contends that none of the relevant alleged statements that it made was in fact false or misleading. SE's argument is that the testimony of Pagano, Thauvette and Cordio established that these statements were accurate and true, and that Summit presented no conflicting evidence or inferences. In its Reply Brief, SE argues that there is insufficient evidence of the "knowingly false or misleading" requirement for any pre-contractual statements it allegedly made.

SE also argues that an unfair trade practice may not be based on conduct that occurs during the performance under the contract and after the sale has been consummated, and that it is entitled to judgment as a matter of law.

Summit outlines the evidence to support violations as defined by Jury Instruction Number 10, including the basis for SE's knowledge, some of which occurred before execution of the contract. I conclude that the jury had a legally sufficient evidentiary basis on which to find unfair trade

practices.

Finally, SE seeks judgment as a matter of law, arguing that the jury impermissibly awarded $3 million in compensatory damages. Specifically, SE contends that such an award is in violation of Paragraph 13 of the contract between Summit and SE (Exhibit 125). The Court carefully considered Paragraph 13, concluded that it did not preclude the types of damages sought by Summit on its claims, and instructed the jury accordingly. SE did not object to the Court's verdict form on this basis. I am unable to conclude that the jury made a clear error in awarding damages.

For the foregoing reasons, I conclude that judgment as a matter of law would not be appropriate because the evidence does not point but one way, and it is susceptible to reasonable inferences that support Summit's position and the jury's verdict. There is a legally sufficient evidentiary basis with respect to Summit's claims, under New Mexico law, to support the jury's verdict that SE committed breach of contract and unfair trade practices and that Summit suffered damages as a result.

## II. Rule 59(a) Analysis

Rule 59(a) provides that in an action in which there has been a jury trial, the Court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." SE argues for a new trial on two grounds: (1) that the weight of the evidence established that SE did not breach the contract or commit unfair trade practices; and, (2) that the jury rendered an inconsistent verdict.

As noted by SE, the fact that there was sufficient evidence to submit a matter to the jury does not preclude the court from finding that the actual verdict rendered was against the weight of the

evidence for purposes of a new trial under Rule 59. *See Cholier, Inc. v. Torch Energy Advisors, Inc.*, 83 F.3d 431 (10th Cir. 1996)(*unpublished*). SE argues that the clear weight of the evidence was contrary to the verdict in multiple respects, ranging from a lack of contractual or professional duty of SE to disclose information to Summit, to clear evidence that Summit "was the master of it's own fate, and that SE had no responsibility under the law for the result of Summit's business decisions." I am not persuaded by any of these arguments, and conclude that the weight of the evidence was *not* contrary to the verdict.

SE next contends that the jury verdict was inconsistent. In evaluating such a claim,"the trial court has a duty to try to reconcile the answers to the case to avoid retrial." *Harvey By and Through Harvey v. General Motors Corp.*, 873 F.2d 1343, 1347 (10th Cir. 1989). SE argues that the jury could not have followed the proper law in determining that Summit breached its contract with SE while also finding that SE breached the contract with Summit, and characterizes this verdict as unclear, justifying a new trial.

This issue was discussed at the close of the evidence, at which time the Court stated its opinion that Summit could recover on its counterclaims, even if Summit had breached its contract with SE. The Court prepared the verdict form accordingly. One possibility is that the jury concluded that Summit breached the contract by failing to submit notice of written termination of SE's services before abandoning the implementation project, but concluded that this failure did not excuse breach of contract by SE in its implementation of the software.

I find no lack of clarity or sufficient reason to grant a new trial.

**WHEREFORE**, for the reasons stated above, the motion of SE Technologies, Inc. for judgment as a matter of law or alternatively, for a new trial (Docket No. 170) is **denied**.

**IT IS SO ORDERED.**

------------------------------------
**UNITED STATES DISTRICT JUDGE**