UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SE TECHNOLOGIES, INC.,**

Plaintiff/Counter-Defendant,

v.     CIV No. 00-1511 LH/LFG ACE

**SUMMIT ELECTRIC SUPPLY COMPANY, INC.,**

Defendant/Counter-Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on SE's Motion for Costs and Fees for Trial Deposition of Expert Witness (Docket No.169). The Court, having considered the briefs of the parties, the relevant statutory and case law, and being fully advised, concludes that the motion is not well taken and shall be **denied**.

### Discussion

The motion filed by SE Technologies, Inc. (hereinafter "SE") seeks $12,428.54 in reimbursement for fees and costs it argues that it incurred for the preparation and attendance of a deposition of Joseph J. Feigelman on January 26, 2002. SE argues that Feigelman's deposition had been taken previously; that SE was operating under the assumption that this second deposition would

be a "trial deposition"; that in fact Feiglemen was available and willing to testify at trial; and, that neither his deposition nor live testimony was later a part of the trial. SE expressly is *not* relying on FED.R.CIV.P. 54 in the filing of this motion, but rather seeks to invoke the equitable power of the Court to award the relief requested. First of all, SE relies upon the Court's equitable powers in supervising discovery, as authority for the relief it seeks. SE also relies upon the bad faith litigation exception to the American Rule against recovery of attorneys' fees.[1] Thirdly, SE states, "to the extent that SE's motion constitutes a request to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the Court has authority to grant the requested relief if doing so is necessary to prevent manifest injustice." (Reply Brief at 3).

As an initial matter, I note that a Final Judgment has been entered in this matter, "adjudicating all claims and liabilities of the parties." (Docket No. 163). The time for supervisory control over discovery matters and for the imposition of sanctions is long past. As noted above, this deposition was taken in January 2002. It is clear from the Reply Brief that SE recognized the lack of necessity for this second deposition at that time. (*See* Reply Brief, n.2). This objection on equitable grounds should have been raised long ago, in any event before Final Judgment was entered. The untimeliness of this request mandates that SE's request be summarily denied on all grounds but one.

SE's only hope for relief is its passing reference to Rule 59(e), which could allow for alteration or amendment of the judgment. One of the four circumstances in which courts may grant a motion to alter or amend the judgment is to prevent manifest injustice. *See* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 59.30[5][a] (3d ed. 2001). SE cites *Servants of the*

---

[1] When a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons during litigation, the court may employ its inherent equitable powers to award fees as a sanction. *Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996).

2

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) in support of this approach.

SE's request cannot succeed under Rule 59(e) however for two reasons. First of all, a motion to alter or amend may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment. *See Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cited in Servants of the Paraclete v. Does*, 204 F.3d at 1012. As noted above, this issue and these arguments could and should have been raised prior to the entry of Final Judgment.

Secondly, the relief sought appears to be wholly collateral to the judgment. Stated differently, this request for fees and costs is not within the scope of the jury verdict; therefore, this cannot be a Rule 59(e) motion. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-177 (1989)(post-judgment motion for discretionary prejudgment interest is FED.R.CIV.P. 59(e) motion because it involves reconsideration of matters encompassed within merits of judgment). This request, in effect for sanctions, does not involve the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply.

**WHEREFORE**, for the reasons stated herein, SE's Motion for Costs and Fees for Trial Deposition of Expert Witness (Docket No.169) is **denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**